IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JUSTIN DALCOLLO, #Y51682,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-00358-SMY |
| ) | |
| **DEE DEE BROOKHART,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is now before the Court for case management. Plaintiff Justin Dalcollo filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for miscellaneous constitutional deprivations at several detention facilities in Illinois. Before this matter was screened under 28 U.S.C. § 1915A, he submitted 3 versions of the Complaint. On April 8, 2024, the Court screened the Second Amended Complaint in which Plaintiff named 50-plus defendants for alleged violations of his rights at 4 facilities over 5 years. (Docs. 27, 28). The Court dismissed the Second Amended Complaint for violating Federal Rules of Civil Procedure 8 and 18-21. *Id*.

Plaintiff was granted leave to file a Third Amended Complaint focusing on related claims involving common legal theories and defendants. (Doc. 27). The original deadline for doing so was May 6, 2024, and the Court extended the deadline twice to June 26, 2024 (Doc. 50) and July 30, 2024 (Doc. 54). Each time, Plaintiff was warned that failure to file an amendment would result in dismissal of this case for failure to comply with a court order and prosecute his claims. *See* FED. R. CIV. P. 41.

Plaintiff has consistently failed to comply with the Court's orders. Instead of filing a Third Amended Complaint, he filed a 17-page Third Amended Complaint (Doc. 32), a 10-page "Second

1

Attempt to Third Amended Complaint" (Doc. 37), a Motion to Admit Exhibits (Doc. 49), and 8 Affidavits (Docs. 33, 34, 36, 38, 40, 41, 47, and 48). On June 12, 2024, the Court denied and/or dismissed these filings as attempts at piecemeal amendments. (Doc. 50). Plaintiff was ordered to file a single, standalone Third Amended Complaint no later than June 26, 2024, and was again warned that this case would be dismissed if he failed to do so. *Id*.

Plaintiff filed Affidavits (Docs. 51 and 52) and a Motion for Extension of Time to File Amended Complaint (Doc. 53). The Court granted him one final extension to file a Third Amended Complaint by July 30, 2024, and advised him that no more extensions would be granted. (Doc. 54). When Plaintiff sought another extension, the Court denied it. (Docs. 55 and 57).

Instead of filing a Third Amended Complaint by July 30, 2024 as ordered, Plaintiff filed an unsigned "Motion to Dismiss with Leave to Reinstate and Based upon Fees Returned and Established Fees Satisfied." (Doc. 58). The Court ordered Plaintiff to file a properly signed motion on or before August 13, 2024, or the unsigned motion would be stricken. (Doc. 59). Plaintiff responded by filing a signed "Motion *Not* to Dismiss." (Doc. 60) (emphasis added).

Plaintiff has consistently disregarded the Court's orders and deadlines. After receiving four months to file a Third Amended Complaint, there is still no operative complaint on file. Plaintiff has further confused matters by filing a steady stream of motions, Complaints, and affidavits. Given Plaintiff's actions and inaction in this case, the Court finds that Plaintiff has persistently failed to comply with the Court's orders and failed to prosecute his claims.

Accordingly, this case is **DISMISSED with prejudice**. FED. R. CIV. P. 41(b); *see James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). This dismissal does <u>not</u> count as a "strike." The Clerk is **DIRECTED** to **TERMINATE** all pending motions (Docs.

58 and 60),  **CLOSE THIS CASE**, and enter judgment accordingly.

**Because he incurred a filing fee obligation for this case at the time he filed the Complaint, Plaintiff's obligation to pay the $350.00 fee survives dismissal of this action.**

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal.  FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  August 22, 2024**            *s/ Staci M. Yandle*
                                       **STACI M. YANDLE**
                                       **United States District Judge**